## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-1648

CARLOS G. BRITO, individually,

      Plaintiff,

v.

LAKE POINTE HOTEL COMPANY, L.L.C. d/b/a
COURTYARD BY MARRIOT, a Colorado Limited
Liability Company,

      Defendant.

---

## COMPLAINT

---

      Plaintiff CARLOS G. BRITO (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a (**"ADA"**) and the Americans with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 (**"ADAAG"**), hereby sues Defendant LAKE POINTE HOTEL COMPANY, L.L.C. d/b/a COURTYARD BY MARRIOT (**"Defendant"**) for injunctive relief and states:

### JURISDICTION AND VENUE

      1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

      2.     Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the District of Colorado.

## PARTIES

3.      Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of El Paso County, Colorado.

4.      Plaintiff is a qualified individual under the ADA because he is a disabled individual who has a physical impairment that substantially limits one or more major life activities.

5.      Specifically, Plaintiff is, among other things, paralyzed from his T-6 vertebrae down requiring him to use a wheelchair to ambulate.

6.       Defendant is a Colorado Limited Liability Company doing business in El Paso County, Colorado under the trade name Courtyard by Marriot.

7.      Defendant is the owner and operator of real property (and the improvements made thereon) and related facilities (such has a Hotel) located at 2570 Tenderfoot Hill Street, Colorado Springs, Colorado 80906; Schedule No.: 6430409017, Legal Description: LOT 3 LAKE POINTE CENTER FIL NO 1. (the **"Subject Premises," "Hotel"** or "**Facilities**").

8.      Defendant is also the owner and operator of the related facility and hotel Courtyard by Marriot located on the Subject Premises.

## GENERAL ALLEGATIONS

9.      The Subject Premises is a place of public accommodation under the ADA and ADAAG because contains a Hotel.

10.      As a place of public accommodation, Defendant was required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

11.      Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

12.    Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premise was readily accessible to and useable by individuals with disabilities such as Plaintiff.

13.    Plaintiff has knowledge that the Subject Premises is in violation of the ADA and discriminating against individuals with disabilities.

14.    In or about May 2017, Plaintiff visited the Subject Premises to conduct business— i.e., stay at the hotel—and encountered architectural barriers to access the Subject Premises.

15.    Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, he was subjected to discrimination by Defendant on the basis of his disability due to Defendant's ADA violations.

16.    Plaintiff was not able to access, among other things, parking, entrance, path of travel, goods and services, lobby restrooms, and guestroom, at the Subject Premises without encountering architectural barriers.

17.    Plaintiff intends to return to the Subject Premises once the barriers violating the ADA are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises and therefore cannot provide an exact date he will return to the Subject Premises.

18.    Plaintiff will be denied full access to the Subject Premises, as provided by the ADA, unless the injunctive relief requested herein is granted.

19.    Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant if said violations are not corrected and made compliant.

20.    Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

21.    Plaintiff intends to visit the Subject Premises again, not only to purchase items, but to assure himself that the Subject Premises is in compliance with the ADA and thus ensuring that individuals with disabilities, including himself, will have full and equal enjoyment of the property without fear of discrimination.

22.    Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violation of and non-compliance with the ADA because he intends on returning to the Subject Premises in the near future.

23.    Defendant has discriminated and continues to discriminate against Plaintiff by denying him access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

24.    Defendant is in violation of the ADA and ADAAG and is discriminating against Plaintiff as a result of the following violations:

**Parking**

a.    Accessible spaces are not located on a compliant accessible route to enter the building, ramps and curb ramps with dangerous slopes are preventing Plaintiff's safe unloading from vehicles and accessing the facility in violation of ADAAG Sections 4.3, 4.6, 4.7 and 4.8 as well as Sections 403, 405 and 502 of the 2010 ADA Standards where the solution is readily achievable.

b.    Required aisles for several accessible spaces lack clear, level surfaces and impede Plaintiff in violation of ADAAG Section 4.6 and 2010 ADA Standards Section 502

– 4 –

**Entrance Access and Path of Travel**

c.  Curb ramps from parking have excessive slopes which endanger Plaintiff and violate ADAAG Sections 4.7 and 4.8 as well as Section 405 of the 2010 ADA Standards.

d.  Cross slopes and changes of level exceeding limits impede Plaintiff on the path of travel to and through hotel areas from the accessible parking, street, sidewalk and public transit violating Section 4.3 of the ADAAG and 2010 ADA Standards Sections 303, 304 and 403, resolution is readily achievable.

e.  Doors and gates to various hotel areas fail to provide clear, level maneuvering clearances required by ADAAG Section 4.13 and 2010 ADA Standards Section 404.

**Access to Goods and Services**

f.  The hotel fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

g.  The recreation area fails to provide access to the gazebo, tables and other elements preventing Plaintiff's use and violating ADA accessibility requirements.

h.  Plaintiff could not safely access hotel areas which contain dangerous slopes, changes of level or improper surfaces violating ADAAG Section 4.3 as well as Sections 304 and 403 of the 2010 ADA Standards.

i.  Laundry and work surface areas are inaccessible to the Plaintiff and violate various ADAAG and 2010 ADA Standards requirements.

**Access to Lobby Restrooms**

j.  Plaintiff could not access the lobby restroom where doors lack the required latch side clearance of 18" from the side wall at the stall and entrance in violation of Sections 4.13 and 4.17 of the ADAAG and 2010 ADA Standards Sections 404 and 604.

k.  Plaintiff could not use the restroom lavatory mirror which is mounted above 40" AFF violating Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards.

l.   Plaintiff could not use soap dispenser which is mounted out of reach and beyond the limits in Section 4.2 of the ADAAG and ADA Standards Section 308.

## Access to Guestroom

m.  Plaintiff could not safely use the toilet as no compliant side grab bar or level transfer space is provided violating ADAAG Section 4.16 and 2010 ADA Standards Section 604, whose resolution is readily achievable.

n.   Plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided in the accessible guestroom violate Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, resolution is readily achievable.

o.   Plaintiff could not use storage and door locks that are mounted too high. Violation: Storage and locks provided in the guestrooms, are outside the ranges prescribed in Section 4.2 of the ADAAG and Sections 308 and 309 of the 2010 ADA Standards, whose resolution is readily achievable.

p.   Plaintiff could not transfer to the seat or use the roll-in shower as the design violates ADAAG Section 4.21 and ADA Standards Section 608.

q.   Plaintiff could not use curtain and light controls which are beyond reach or require gripping violating ADAAG Section 4.27 and ADA Standards Sections 308 and 309.

r.   Plaintiff could not access the patio or use the screen door as the design violates ADAAG and ADA Standards requirements.

s.   Plaintiff could not safely use the guest room lavatory which is over swung by a door and lacks insulation violating ADAAG Section 4.19 and ADA Standards Section 606.

25.   The discriminatory violations described herein may not be an exclusive list of Defendant's ADA violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

26.    By encountering the discriminatory conditions at Defendant's Facilities, and knowing that it would be a futile gesture to return unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

27.    By maintaining a place of public accommodation with ADA violations, Defendant deprives Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

28.    Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

29.    Plaintiff demands a non-jury trial on all issues to be tried herein.

## CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

30.    Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

31.    This action arises pursuant to the ADA.

32.    Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Facilities, and has otherwise been discriminated against and damaged by Defendant because of the Subject Premises' existing ADA violations.

33.    Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

34.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

35.     By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able-bodied individuals of the general public.

36.     Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff CARLOS G. BRITO respectfully requests this Honorable Court issue a permanent injunction enjoining Defendant LAKE POINTE HOTEL COMPANY, L.L.C. d/b/a COURTYARD BY MARRIOT from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 7th day of July, 2017.

[SIGNATURE BLOCK ON NEXT PAGE.]

Respectfully submitted,

s/ Rafael Viego III
Rafael Viego III, Esq.
**THE HERNANDEZ LEGAL GROUP**
11420 North Kendall Drive, Suite 108
Miami, Florida 33176
Telephone: (305) 640-8210
E-mail: rviego@thehlglawfirm.com
Attorney for Plaintiff Carlos G. Brito